911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Clayton BELL, Defendant-Appellant.
 No. 89-5235.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1990.
Decided June 8, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-88-54-3)
 Carl Gustaf Ivarsson, Jr., Cook & Cook, Fayetteville, N.C., for appellant.
 Christine Witcover Dean, Assistant United States Attorney, Raleigh, N.C., (argued), for appellee; Margaret Person Currin, United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Clayton Bell was indicted with several others of engaging in a conspiracy to possess cocaine with intent to distribute. Following his conviction and the imposition of a sentence under the Sentencing Guidelines, which included a four-level upward adjustment because the sentencing judge found that Bell had a leadership role in the conspiracy, Bell appeals. He claims that the district judge erred (1) in failing to grant his motion for acquittal when the bill of indictment charged a single conspiracy, but the evidence established multiple conspiracies; (2) in allowing a lay witness to state his opinion that Bell's telephone toll records were indicative of drug trafficking; and (3) in finding that he was an "organizer or leader" in the conspiracy pursuant to Sentencing Guidelines Sec. 3B1.1. Finding no merit in any of these exceptions, we affirm.
 
 
 2
 At the trial, during which the government presented more than 30 witnesses and the appellant put up no evidence, there was abundant evidence to prove that Bell was the primary source of cocaine for a number of persons, some of whom were his kin, who were selling cocaine in Robeson County and Wake County, North Carolina. Bell had moved from Robeson County to the State of Florida and the evidence established that on numerous occasions persons traveled from North Carolina to Florida to obtain cocaine from him. On some occasions these meetings and deliveries were at South of the Border, South Carolina.
 
 
 3
 The indictment alleged a conspiracy beginning in October 1982 and continuing through September 1988. Appellant argues that the evidence clearly established one conspiracy during the early part of this time frame involving appellant with Kent Deese, Kelly Chavis, and Brady Locklear, and another conspiracy in the latter part of the time frame involving appellant with Roger Hardy, Fred Dixon, Perry Locklear, Thaniel Locklear and others.
 
 
 4
 A claim of multiple conspiracies is often made, but rarely established. Conspiracies do not always remain constant or static. The conspiratorial group may increase in number, or it may contract as members, for whatever reason, withdraw. It is not necessary that a conspirator have knowledge of all of the details of the conspiracy or of the participants therein. Blumenthal v. United States, 332 U.S. 539, 557 (1947). The evidence in the present case showed that although different persons were members of the conspiracy at various times in the State of North Carolina, the appellant's position as the supplier of cocaine to his nephews and others of the Robeson County area for distribution remained constant, even though there may have been intervals during which appellant was not making sales. The purpose of the conspiracy remained the same and that was to possess with intent to distribute cocaine in Robeson County, North Carolina, and adjoining areas. It was not necessary for appellant to know the identity of every individual who would receive and resell the cocaine. Throughout the period from October 1982 through September 1988, Bell was shown to have been the supplier. We find no error in the district court's refusal to find multiple conspiracies.
 
 
 5
 A North Carolina State Bureau of Investigation agent testified concerning his perception of the significance of multiple one-minute telephone calls to and from the appellant's residence and a certain motel at which appellant was registered. The calls were summarized on exhibits and the agent was allowed to testify that based on his "experience involving examination of toll records in drug investigations this [toll records and summaries] is consistent with telephone calls, duration of telephone calls involving drug deals."
 
 
 6
 Appellant contends that this testimony violated Federal Rule of Evidence 701 because the witness was not an expert and did not possess special knowledge in the field. The agent testified that he had been with SBI for 17 years, that he had been in the Organized Drug Enforcement Task Force for one year, that he had worked in the SBI intelligence section and had experience in analyzing toll records. We find no abuse of the judge's discretion in the admission of this testimony.
 
 
 7
 The finding by the district judge as to Bell's role in the offense is a factual question, which we must accept unless it can be found clearly erroneous. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). The Sentencing Guidelines at Sec. 3B1.1 provide in part:
 
 
 8
 Based on the defendant's role in the offense, increase the offense level as follows:
 
 
 9
 (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
 
 
 10
 This section refers to "an organizer or leader" and not to "the organizer or leader." It is clear from the evidence that Bell was an organizer and leader of this group and that it did include five or more participants. Bell controlled the source of the cocaine, the place of delivery and the price to be paid. The finding that he was subject to the four-level increase under Sec. 3B1.1 was not clearly erroneous.
 
 
 11
 AFFIRMED.